UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ALBERT MEDINA,

                  Plaintiff,

    v.

JAMES DZURENDA, *et al.*,

                  Defendants.

Case No. 3:25-cv-00228-MMD-CLB

**ORDER**

**I.   DISCUSSION**

On June 26, 2025, the Court denied Plaintiff's motion for appointment of counsel. (ECF No. 10 at 6). The Court explained that Plaintiff's arguments that he could not afford counsel, the complexity of the issues, his limited knowledge of the law, and his limited access to the law library were common, rather than exceptional, circumstances that most inmates faced. (*Id.*) In the absence of exceptional circumstances, the Court denied the motion. (*Id.*)

Plaintiff now files two renewed motions for appointment of counsel. (ECF Nos. 19, 21). Plaintiff argues that he now has exceptional circumstances due to the upcoming global settlement conference. (ECF No. 21 at 2-3). Plaintiff argues that he now faces the complexity of negotiation, a disadvantage of bargaining power, complexity of compounded cases, his limited legal knowledge, and the court's implicit finding of merit by ordering a global settlement. (*Id.* at 3-7).

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional

circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

The Court denies the renewed motions for appointment of counsel. The pending global settlement conference does not create exceptional circumstances, nor does it imply that Plaintiff's two cases are meritorious. Plaintiff's global settlement conference is an extension of this Court's inmate early mediation program. Instead of only addressing this case in the inmate early mediation program, the Court is being mindful of its limited resources and its use of judicial economy to address both of Plaintiff's cases during the conference. The motions for appointment of counsel are denied.

## II.     CONCLUSION

It is therefore ordered that the renewed motions for appointment of counsel (ECF Nos. 19, 21) are **DENIED**.

**DATED**: September 30, 2025.

_____
UNITED STATES MAGISTRATE JUDGE