|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT | |
| | DISTRICT OF NEVADA | |
| | * * * | |
| ALBERT MEDINA, | | Case No. 3:25-CV-00228-MMD-CLB |
| | Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE SETTLMENT AGREEMENT** |
| v. | | |
| JAMES DZURENDA, *et al.*, | | [ECF No. 27] |
| | Defendants. | |

Before the Court is Plaintiff Albert Medina's ("Medina") motion to enforce the settlement agreement citing a material breach. (ECF No. 27.) As discussed below, the Court lacks jurisdiction over Medina's case and therefore denies his motion.

On October 14, 2025, the Court conducted an in-person mediation and successfully negotiated a settlement agreement. (ECF No. 23.) At the conclusion of the mediation the parties signed the agreement and placed the terms on the record. (*Id.*) One such term was that the Court would only retain jurisdiction over the settlement until "the stipulation to dismiss has been signed and filed." The Court advised Medina that if an issue arose after the stipulation to dismiss was filed he would need to file a breach of contract case in state court to obtain relief. Another term stated that Defendants would not file the stipulation to dismiss until the terms of the agreement had been satisfied. On November 24, 2025, the Court granted the parties' stipulation to dismiss and closed the case. (ECF No. 26.)

"Federal courts are courts of limited jurisdiction" and possess only the power authorized by the Constitution and United States statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This power cannot be expanded by judicial decree. *Id.* (citing *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951)). It is well settled that federal courts presume a cause of action lies outside of their limited jurisdiction, and that the party asserting jurisdiction has the burden of establishing it. *Id.* (first citing *Turner v. Bank of N.*

*Am.*, 4 U.S. 8, 11 (1799); and then citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). Federal courts must have either an independent (constitutional or statutory) basis for jurisdiction over a cause of action or jurisdiction pursuant to their inherent powers or ancillary jurisdiction. *Id.* at 378, 381-82.

In *Kokkonen*, the Supreme Court held that federal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement merely because the subject of the settlement was a federal lawsuit. *Id.* at 381. The Court stated that ancillary jurisdiction is generally permissible under only two circumstances: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id*. at 379-80 (internal citations omitted). As to the first circumstance, the Court found that it would not be particularly efficient for a federal court to exercise jurisdiction over what is essentially a breach of contract claim because the facts underlying the breach of a settlement agreement "have nothing to do with" the facts of the underlying case. *Id.* at 380.

As to the second circumstance, the Court held that a federal court has ancillary jurisdiction to enforce a settlement agreement "if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal — either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Id.* at 381. Jurisdiction exists in such a case because a breach of the settlement agreement violates a court order. *Mallard Auto. Grp. Ltd. v. United States*, 343 F. Supp. 2d 949, 955 (D. Nev. 2004) (citing *Kokkonen*, 511 U.S. at 375). If the federal court has no independent jurisdiction over the settlement agreement, and absent making the settlement agreement part of the dismissal order, "enforcement of the settlement agreement is for state courts." *Id.* (quoting *Kokkonen*, 511 U.S. at 382).

"The judge's mere awareness and approval of the terms of the settlement agreement" is not enough to make the settlement agreement part of the dismissal order.

*Kokkonen*, 511 U.S. at 381. Nor is language in the order of dismissal stating that the dismissal is "based on the settlement" enough for the federal court to retain jurisdiction. *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995). "Indeed, even a district court's expressed intention to retain jurisdiction is insufficient to confer jurisdiction if that intention is not expressed in the order of dismissal." *Id.* at 532-33 (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1433 (9th Cir. 1995) (finding that the district court did not retain jurisdiction to enforce the settlement agreement despite pronouncing on the record he would "act as a czar" over the agreement because the order of dismissal merely stated: "Counsel having informed the court that this action has been settled, this action is dismissed with prejudice").

The above discussion makes clear that the Court lacks jurisdiction over Medina's case now that the stipulation to dismiss has been filed and the case dismissed. But, in any event, it does not appear that Defendants have failed to satisfy the terms of the settlement agreement. Defendants were advised not to file the stipulation to dismiss until the terms of the settlement agreement had been satisfied. If Defendant's were unable to satisfy the terms within 45 days, the Court directed them to file a status report in lieu of a stipulation to dismiss. (*See* ECF No. 23.) Thus, by filing the stipulation to dismiss, it appears that all terms were satisfied which is contrary to Medina's motion.

Moreover, the settlement agreement stated, and Medina was advised when he signed the agreement, that the settlement funds would be paid in two installments — an initial $500 payment from the Nevada Department of Corrections, with the remaining balance being paid later from the state tort claims fund. Medina states he was only paid the initial installment as of November 20, 2025, the date he signed his motion. (ECF No. 27 at 2-3.) However, that was four days before the stipulation to dismiss was filed, which indicates Defendants paid Medina the remaining balance shortly after he signed the motion to enforce the settlement agreement. If, however, Defendants have not paid Medina the full amount agreed upon, Medina must file a new lawsuit in state court, as he was advised when the agreement was reached.

**IT IS THEREFORE ORDERED** that, because the Court lacks jurisdiction, Medina's motion to enforce the settlement agreement, (ECF No. 27), is **DENIED**.

**IT IS FURTHER ORDERED** that no additional documents are to be filed in this closed case. **The Clerk is directed to return as unfiled any further documents received in this closed case**.

**DATED**: November 26, 2025.

_____
**UNITED STATES MAGISTRATE JUDGE**